JSO

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4428 | **DATE** | 3/13/2000 |
| **CASE TITLE** | Balkar Dhillion vs. Crown Controls Corp., et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] Defendants' motion for summary judgment is granted. Enter memorandum opinion and order. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | 3-14-00 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 17 |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Balkar Dhillon,

    Plaintiff,

    v.

Crown Controls Corp., et al.

    Defendants.

99 C 4428

Judge George W. Lindberg



## MEMORANDUM OPINION AND ORDER

Plaintiff Dhillon initiated this strict liability and negligence action against Defendants seeking damages for injuries sustained by Plaintiff while he was operating a forklift truck which was designed, manufactured and distributed by Defendants. The suit was originally filed in the Circuit Court of Cook County and was removed to this Court by Defendants who alleged the existence of diversity of citizenship among the parties. In the instant motion Defendants have moved for summary judgment, contending that the opinions proffered by Plaintiff's two expert witnesses, Gerald Harris and John Sevart, lack the requisite foundation for admissibility under Rule 702 of the Federal Rules of Civil Procedure, as well as <u>Daubert v. Merrell Dow</u>

Pharmaceuticals, and its progeny. 509 U.S. 579 (1993). For the reasons explained below, Defendants' motion for summary judgment will be granted.

I. BACKGROUND

On February 24, 1990, Plaintiff was working his shift as a forklift truck operator in the shipping and receiving department of Tandy Rank Video in Northbrook, Illinois. The forklift truck which Plaintiff operated was a stand-up rider lift truck (the "RR") designed to be operated from a side-stance, stand-up position. From the side-stance position the operator has visibility from either the forks-forward (forward) or forks-trailing (reverse) direction of travel. The operator's compartment is fully enclosed with the exception of an opening at the rear of the compartment for entry and exit. Travel direction (forward and reverse) and speed is controlled by the multi-function lever controls, located so as to be accessed by the operator's right hand, while steering is controlled by a tiller within reach of the operator's left hand. Braking is controlled

by a floor petal designed to be operated by the driver's left foot. The brake is applied by allowing the petal to rise, thus for the RR to be in motion, the brake petal must be compressed by the operator. When the operator's foot is not compressing the brake petal, the petal rises and braking action is applied.

On the day of the incident Plaintiff was operating the RR in reverse when he realized he was approaching an I-beam. In an effort to avoid colliding with the beam, Plaintiff attempted to reverse his direction of travel rather than apply the brake. When Plaintiff shifted direction, the RR allegedly jerked, and his left leg exited the operator's compartment. The RR continued to move toward the I-beam and Plaintiff alleges his leg was temporarily pinned against the I-beam, resulting in severe and permanent injury.

Plaintiff originally filed this suit in the Circuit Court of Cook County in 1991. He thereafter voluntarily dismissed the action in 1998. Plaintiff refiled the action in June of 1999, and it was removed to this Court on July 2, 1999.

## II. DISCUSSION

Under the Federal Rules of Civil Procedure summary judgment must be granted where there is no issue of material fact in dispute between the parties. Fed.R.Civ.P. 56(b). The Court must view the evidence making all reasonable inferences in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The movant bears the initial burden of demonstrating that no material issue exists for trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Once the movant has properly supported his motion, the nonmoving party must offer specific facts demonstrating that a material dispute indeed exists. Id. "The non-moving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial." Weicherding v. Riegel, 160 F.3d 1139, 1142 (7th Cir. 1998). A mere scintilla of evidence is not sufficient to defeat a proper motion for summary judgement. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

In the instant case, Defendants seek summary judgment on the theory that Plaintiff has failed to proffer competent expert testimony regarding the alleged design defect. Specifically,

4

Defendants contend that the opinions offered by Plaintiff's experts, Dr. Harris and Mr. Sevart, are inadmissible as a matter of law under Rule 702 and Daubert, because Dr. Harris and Mr. Sevart have failed to demonstrate that their opinions were reached or supported by a sufficiently reliable scientific methodology, such as would render their opinions valuable to this judicial process.

The Supreme Court has held that it is the role of the district court to act as a "gatekeeper" with respect to expert testimony, and within that role the district court must exclude that testimony which amounts to merely "subjective belief or unsupported speculation." Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. at 590 (1993). To guide district courts in their gatekeeping role, the Supreme Court outlined a bilevel analysis to be used by courts in assessing the admissibility of expert testimony in product liability cases. Kumho Tire Company v. Carmichael, 526 U.S. 137 (1999). Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993). First, the Court considers whether the proffered witness is qualified as an expert in the relevant field. Id. Once the Court is satisfied that the witness is indeed qualified, the Court considers whether the methodology

employed by the expert in reaching his conclusion was sufficiently grounded in the "methods and procedures of science." Id. at 590.

Here, it is undisputed, and the Court is satisfied, that both Dr. Harris and Mr. Sevart are qualified as experts in fields relevant to central issues in this case. Dr. Harris is a biomechanical engineer, and Mr. Sevart is a mechanical engineer, and each are in possession of sufficient academic and professional qualifications so as to survive the first level of Daubert scrutiny. However, Defendants contend that neither Dr. Harris nor Mr. Sevart employed a sufficient scientific methodology in reaching or testing their conclusions regarding the particular forklift truck incident at hand. The Court agrees.

The Daubert and Kumho Courts offered a non-exclusive list of factors to aid courts in determining whether a particular expert opinion is sufficiently grounded in a reliable scientific method. Among the factors articulated by the Court are: (1) whether the proffered conclusion lends itself to the scientific method through testing; (2) whether it has been subject to peer review;

6

(3) whether it has been evaluated in light of potential rates of error; (4) whether it is consistent with generally accepted methods of gathering relevant scientific evidence; and (5) whether it has been accepted in the relevant scientific community. Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. at 593-594 (1993). Kumho Tire Company v. Carmichael, 526 U.S. at 139 (1999).

Dr. Harris opines that the RR which Plaintiff was operating was defectively designed because it was not equipped with a door. He further opines that the addition of a door does not increase the risk of injury to the operator of the RR, and that the failure of Defendants to equip the RR with a door was the proximate cause of Plaintiff's injury. However, Dr. Harris has conducted no testing nor does he point to testing which would support any of his conclusions. In his affidavit, Dr. Harris indicates that he is aware of and has "reviewed and considered the specific tests completed by Mr. John Sevart." He claims to have, "incorporated those tests and test results" in developing his opinion. Also, Dr. Harris's affidavit states that his opinions in the case at bar are based on a review of relevant literature, his knowledge of the various scientific fields

7

relevant to this inquiry, a review of the case-specific facts, and "prior experimental modeling work." When asked directly by opposing counsel whether he had preformed any experiments, studies, or tests concerning stand-up and control forklifts, Dr. Harris replied that he had not.

Thus, the record before the Court indicates that Dr. Harris reached his conclusions in this case primarily from his general knowledge of biomechanics, a review of the case file provided by Plaintiff's counsel, and a review of biomechanical literature in this field. Thus, while it is clear to the Court that Dr. Harris is an expert in the field of biomechanics, it is not sufficiently clear that Dr. Harris reached the opinions he proffers here through a verifiable scientific method. In fact, Dr. Harris's methodology seems little more than a consideration of the facts presented. He offers no calculations to support his theory that a door would have prevented this accident, nor does he point to any test which verifies his conclusion that the absence of a door was the proximate cause of Plaintiff's injury. Similarly, and even more significantly, Dr. Harris offers no factual support or basis for his conclusion that the addition of a door would not increase the risk of injury to operators, save his "review" of Mr.

Sevart's testing regarding forklift truck exit times and tip-over tests. Dr. Harris's review of Mr. Sevart's tests, which are discussed in greater detail below, is simply not enough to establish that Dr. Harris's conclusion are based on a sufficiently reliable methodology. The Seventh Circuit has made clear that when an expert offers the Court only a bottom line, and no means by which to adjudge its validity as an opinion in contrast to differing opinion, the expert has offered, "nothing of value to the judicial process. No engineer would put such an unsupported assertion in a scholarly article...Why then should courts pay it any heed?" McMahon v. Bunn-O-Matic Corp., 150 F.3d at 658 (7th Cir. 1998). The Court therefore finds that Dr. Harris's opinions, as offered are no more than mere speculation and the Court in its gatekeeping capacity cannot allow Dr. Harris's testimony to be admitted in this case.

Similarly, the Court finds Mr. Sevart's purported methodology to be insufficient to survive Daubert scrutiny. While Mr. Sevart testified that he has conducted "an extensive amount of testing" in 1991 and 1997 of a forklift truck with and without a door, Plaintiff has not indicated where in the record it is clear that the "extensive testing" demonstrated that this

9

accident would not have occurred but for the absence of a door, or that the testing indicated that a door would make the RR a safer vehicle overall, and not increase the risk of other injury. While the record is replete with Mr. Sevart's opinions regarding the relative safety of an RR equipped with a door in comparison with the safety of an RR lacking a door, Plaintiff has not indicated to the Court the place in the record where Mr. Sevart offers a sufficiently reliable scientific methodology in reaching his conclusions. Consequently, the Court finds Mr. Sevart's testimony is not admissible under the Daubert standard.

Excluding both Dr. Harris's and Mr. Sevart's testimony, the Court finds that Plaintiff has not proffered sufficient evidence in support of his claims such that a reasonable fact-finder could return a verdict in Plaintiff's favor. Thus, the Court finds that summary judgment must be entered for Defendants as a matter of law.

**ORDERED:** Defendants' motion for summary judgment is granted.

ENTERED:

*[signature]*

GEORGE W. LINDBERG
District Judge

Date: MAR 13 2000

11